IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| John Redman, *et al.*, | * | |
| Plaintiffs, | * | |
| vs. | * | |
| | | CASE NO. 4:07-CV-181(CDL) |
| The City of Columbus, Georgia, | * | |
| *et al.*, | | |
| | * | |
| Defendants. | | |
| | * | |

O R D E R

Presently pending before the Court is the Motion to Dismiss of the Governor of Georgia ("Governor"). For the reasons set forth below, the Motion to Dismiss (Doc. 3) is granted, and Plaintiff's[1] claims against the Governor are dismissed.

MOTION TO DISMISS STANDARD

The Governor moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in Plaintiff's Complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965

---

[1]The Complaint lists John Redman as the Plaintiff, along with "John and Jane Does," and it generally focuses on injuries specific only to Mr. Redman. The Court makes no ruling at this time on the propriety of the fictitious plaintiffs. In this Order, the Court refers to Mr. Redman as "Plaintiff." Even if other plaintiffs were added, their claims against the Governor would fail for the same reasons discussed in this Order.

1

(2007).  To state a claim, a Complaint must contain "enough factual matter (taken as true) to suggest" the required elements.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

## FACTUAL ALLEGATIONS

Plaintiff's pro se Complaint is not entirely clear, but it appears that he asserts claims for "monetary, equitable and injunctive relief" under 42 U.S.C. § 1983 and Georgia state law for alleged injuries arising from an arrest and subsequent prosecution.[2] Specifically, it appears that Plaintiff claims that City of Columbus ("Columbus") law enforcement officers arrested him for obstruction after he crossed a sidewalk barrier while participating in the SOAWatch demonstration near Fort Benning, Georgia.  (Compl. ¶¶ 1, 3, 9, 12; Pl.'s Opp. to Defs.' Mot. to Dismiss at 2, 6 [hereinafter Pl.'s Opp.].)  Plaintiff contends that the arrest gives rise to claims for false arrest, battery, assault, and "destruction of property."  (Compl. ¶¶ 1, 3, 9, 12.)  Plaintiff challenges the use of barriers and presence of "high numbers" of law enforcement officers at the demonstration and contends that these actions give rise to claims for "abuse of process," breach of fiduciary duty, and conspiracy.  (Compl. ¶¶ 2, 4, 6.)  In addition, Plaintiff makes

---

[2]The Complaint contains no explanation of the injunctive relief Plaintiff seeks.  In his brief opposing the Governor's Motion to Dismiss, Plaintiff asks that the Governor modify a curriculum of law enforcement training for local law enforcement officers. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 5.)

claims arising from his prosecution for obstruction, including denial of speedy trial, malicious prosecution, theft, and denial of due process.  (Compl. ¶ 5, 7, 11, 13.)  Plaintiff also contends that Defendants' conduct amounted to intentional infliction of emotional distress.  (Compl. ¶ 8.)  Finally, he asserts that "all persons having supervisory capacity in governmental functions such as law enforcement" negligently supervised their subordinates, resulting in Plaintiff's alleged injuries.  (Compl. ¶ 10.)

Plaintiff brings this suit against local law enforcement officers, as well as the Governor of Georgia.  It is not clear from Plaintiff's Complaint whether he is suing the Governor in his official or individual capacity, but Plaintiff asserts in his brief in opposition to the Governor's Motion to Dismiss that his claims are against the Governor in his individual capacity.  (Pl.'s Opp. at 2.) Plaintiff's Complaint contains no specific factual allegations related to the Governor.[3]

DISCUSSION

I.  **Plaintiff's Official Capacity Claims Under 42 U.S.C. § 1983**

To the extent that Plaintiff asserts 42 U.S.C. § 1983 ("§ 1983") damages claims against the Governor in his official capacity, those

---

[3]Plaintiff appears to contend in his brief in opposition to the Governor's Motion to Dismiss that the Governor negligently failed to supervise and train local Columbus law enforcement officers regarding the permissible uses of barriers and the acceptable number of local law enforcement officers for a demonstration such as SOAWatch (Pl.'s Opp. at 2-5).

claims are considered claims against Georgia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (noting that an official capacity suit against a government officer is to be treated as a suit against the entity of which the officer is an agent). In general, nonconsenting States may not be sued by private citizens, even in their own courts. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Alden v. Maine*, 527 U.S. 706, 754 (1999). There are two exceptions: Congress may abrogate the States' sovereign immunity under a "valid grant of constitutional authority," *see Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000), or a State may waive its sovereign immunity, *see Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 618 (2002). Here, Plaintiff has not pointed to any valid abrogation of sovereign immunity with regard to his claims.[4] Plaintiff has also not pointed to any waiver of sovereign immunity.[5] Accordingly, the Court dismisses any § 1983 damages claims Plaintiff is attempting to assert against the Governor

---

[4]The Court notes that Congress has not abrogated the States' immunity from § 1983 suits. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

[5]The Court notes that waiver may only be found if the State makes a "clear declaration" that it intends to submit itself to federal jurisdiction. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999). The point of the "clear declaration" rule is "to be certain that the State in fact consents to suit." *Id.* at 680. The Court notes that removal of a case is "affirmative litigation conduct" that may constitute waiver. *Lapides*, 535 U.S. at 617. Here, the Governor, by special appearance and while asserting his right to sovereign immunity, merely consented to the removal of this case by the other Defendants. The Court cannot conclude that such an action constitutes a waiver of sovereign immunity.

4

in his official capacity because such claims are barred by sovereign immunity.

The Court recognizes that the *Ex parte Young* doctrine creates an exception to sovereign immunity and allows federal courts to grant "prospective injunctive relief [against a state official] to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). For the *Young* doctrine to apply, Plaintiff's Complaint must "allege[] an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted). Plaintiff's Complaint must contain "enough factual matter (taken as true) to suggest" an ongoing violation. *Twombly*, 127 S. Ct. at 1965. Conclusory allegations are not sufficient. *Id.* at 1968. Here, Plaintiff's Complaint does not contain any specific factual allegations regarding any violations by the Governor or allegations regarding an ongoing violation of federal law.[6] Therefore, the Court dismisses any § 1983 claims for injunctive relief Plaintiff is attempting to assert against the Governor.

---

[6]Plaintiff suggests in his brief that the SOAWatch demonstration is an annual event, and he appears to suggest in his brief that he believes the local Defendants will "harass" SOAWatch demonstrators in the future. (*E.g.*, Pl.'s Opp. at 6.) However, he has pointed to no facts suggesting a violation of federal law by the Governor. Plaintiff also notes that the practices of the local Defendants are modified annually, suggesting that any violations by the local Defendants are not "ongoing." (*E.g.*, Pl.'s Opp. at 4.)

## II. Plaintiff's Individual Capacity Claims Under 42 U.S.C. § 1983

Plaintiff contends that he is asserting individual capacity claims against the Governor. Again, Plaintiff's Complaint contains no specific factual allegations related to the Governor. Furthermore, Plaintiff has not alleged any basis for the Governor to be held liable under § 1983. Apparently, Plaintiff contends that the Governor should be considered a supervisor of local Columbus police officers. (*See* Pl.'s Opp. at 4.) However, even if the Court were to accept this argument, Plaintiff has not alleged that the Governor personally participated in the alleged constitutional violations (*i.e.,* the arrest and prosecution) or that there is a causal connection between the Governor's actions and the alleged constitutional violation. *See Crawford v. Carroll*, 529 F.3d 961, 978 (11th Cir. 2008) (noting that § 1983 supervisor liability must be based on something more than a theory of *respondeat superior* liability). Furthermore, Plaintiff merely contends that the Governor acted negligently in supervising the local Columbus police officers. (Pl.'s Opp. at 4; *cf.* Compl. 10 (alleging that supervisors negligently failed to supervise local law enforcement officers).) Negligent conduct is not enough to state a claim for a violation of the Fourth or Fourteenth Amendment. *E.g., Daniels v. Williams*, 474 U.S. 327, 334 (1986); *Ansley v. Heinrich*, 925 F.2d 1339, 1344 (11th Cir. 1991). For these reasons, the Court finds that Plaintiff's Complaint does not contain enough factual matter to suggest a

constitutional violation. Accordingly, the Governor is entitled to qualified immunity as to Plaintiff's individual capacity § 1983 claims against him. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (noting that qualified immunity is proper "[i]f no constitutional right would have been violated were the allegations established").

### III. State Law Claims Against the Governor

The Governor is also entitled to dismissal of Plaintiff' state law claims against him. First, the Georgia Tort Claims Act ("GTCA") precludes claims against the Governor in his individual capacity. O.C.G.A. § 50-21-25(a) ("This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor."). Second, Plaintiff's claims against the Governor in his official capacity fail because Plaintiff did not serve the required ante litem notice. *See* O.C.G.A. § 50-21-26. Third, even if Plaintiff had served the required ante litem notice, his claims are barred under the discretionary function exception of O.C.G.A. § 50-21-24(2). O.C.G.A. § 50-21-24(2) excludes from Georgia's waiver of sovereign immunity "losses resulting from . . . [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." Here, Plaintiff's Complaint could at the very most be

construed to allege a claim for negligent supervision and retention against the Governor.[7] Even if the Governor were properly considered a supervisor of local law enforcement officers, his supervision and retention of officers is a discretionary function, and Georgia has not waived its sovereign immunity as to claims related to such employment decisions. *E.g.*, *Ga. State Bd. of Pardons & Paroles v. Finch*, 269 Ga. App. 791, 794, 605 S.E.2d 414, 416 (2004). For these reasons, Plaintiff's state law claims against the Governor are dismissed.

CONCLUSION

As discussed above, the Governor's Motion to Dismiss (Doc. 3) is granted, and Plaintiff's claims against the Governor are dismissed.


IT IS SO ORDERED, this 12th day of August, 2008.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[7]Again, Plaintiff has not alleged any specific facts regarding the Governor's acts or omissions.

8